Argued July 10, affirmed September 30, 1924.

# FIRST NATIONAL BANK *v.* R. L. ANDERSON
## ET AL.

### (228 Pac. 929.)

**Evidence—Answer by Indorser Alleged Fraud and Did not Contradict Writing.**

1. In action on note, answer alleging circumstances under which indorsement was obtained amounting to fraud in securing indorsement *held* not attempt to vary the written terms thereof.

**Appeal and Error—Appellate Court Bound by Verdict Based on Evidence.**

2. Under .Constitution, Article VII, Section 3c, appellate court is precluded from inquiring into a question of fact when properly submitted and determined by a jury, if verdict is based on evidence.

**Witnesses—Time and Place must be Fixed in Question Seeking. to Impeach Witness.**

3. Question seeking to impeach witness must fix the time and place, as required by Section 864, Or. L.

From Deschutes: T. E. J. Duffy, Judge.

Department 1.

This is an appeal from an action at law based upon a promissory note. The complaint is in the usual form and seeks to hold the defendant, Helmholtz, as an indorser. The defense of the defendant, Helmholtz, is based upon allegations of fraud in procuring the indorsement of the note by him. A verdict having been rendered in favor of the defendant, Helmholtz, and judgment duly rendered and entered thereon, the plaintiff appeals. The errors relied upon are the rulings of the court in denying the motion of the plaintiff to strike out substantially all of the answer on the ground that the same is irrelevant and redundant; upon errors predicated upon the court's

On the general rule that parol evidence not permissible to vary, add to or alter a written contract, see note in 17 L. R. A. 270.

ruling on objections to the testimony; objections to the court's instruction No. 3; and denying the plaintiff's motion to set aside the verdict and grant a new trial.

Instruction No. 3 is as follows:

"I further instruct you that it is a well-settled rule of law that a written contract cannot be contradicted or varied by parol evidence, but this rule does not apply in this action for the reason that the answer of the defendant, Helmholtz, does not contradict the terms of the promissory note sued upon, but sets out the defense of fraud on the part of the plaintiff. Evidence of such fraud and misrepresentation by the plaintiff and against the defendant, if it appears to you that there is such evidence, would constitute a proper defense against the note sued upon, and would in no sense be any contradiction of its terms. The terms of the note are that the defendant will pay to plaintiff the sum of money at a time fixed, with interest, while the answer alleges a distinct and independent agreement constituting the consideration for the indorsement of the note by Helmholtz, which in no sense changes or adds to the terms of the writing and was not intended to do so. To make that more clear, gentlemen, you will consider the note as one thing and pass upon that. On the other hand, the defendant here has alleged in his answer fraud, and that he claims to be the other side of the case or his contract. If that is found to be true under these instructions here he could by such proof avoid responsibility that he had upon the note."

Affirmed.

For appellant there was a brief over the names of *Mr. E. O. Stadter* and *Mr. Max A. Cunning.*

For respondent there was a brief and oral argument by *Mr. Denton G. Burdick.*

COSHOW, J.—The amended answer sets up in detail the facts and transactions out of which the cause of action and the alleged fraud arose. The answer is too long to set out in full. In substance, it alleges that the defendant, Helmholtz, was about to have a public sale of his dairy equipment and plant including the ten head of cows, which were sold to the defendant Anderson for the amount represented by the note; that the defendant, Helmholtz, was approached by the president and cashier of the bank in behalf of the defendant Anderson stating that the plaintiff bank was financing Anderson; that L. S. Roberts, cashier of the plaintiff bank, was clerk at the sale as a representative of the bank, and for the purpose of passing on the credit of the purchasers at the sale; that the ten cows were sold to the defendant Anderson and that the bank officers represented to the defendant, Helmholtz, that his note was a bankable note and that the bank would accept it without discount; that the defendant, Helmholtz, insisted that the note accepted be secured by bankable collateral and be such as the bank itself would accept without the defendant, Helmholtz, indorsing it; that in furtherance of this arrangement and plan the said Roberts as cashier served as clerk at said sale, and charged therefor the sum of $90 for about five or six hours' work; and further discounted the note given by the defendant Anderson for said ten head of cows 5 per cent; that contrary to the arrangement as understood by the defendant, Helmholtz, the note taken from Anderson for the cows was made payable to Helmholtz and he was asked by the officials of the bank to indorse the note, which he refused to do because the bank had not secured it by a chattel mortgage and because the note, under the arrangement made between said Helmholtz

and the officials of the bank, would be the property of the bank; that about six weeks after the sale the defendant, Helmholtz, was again solicited by the officials of the bank to indorse the note; that at that time the officials of the bank represented to the defendant, Helmholtz, that the note had been secured by a chattel mortgage and that said chattel mortgage was then in the possession of the bank; that relying on that statement the defendant, Helmholtz, indorsed the note.

The answer denies the execution and indorsement of the note as alleged in the complaint and for a further and separate answer sets up the facts substantially as stated above.

In fact and in truth the bank did not have the chattel mortgage securing the note as it represented to the defendant, Helmholtz, and by virtue of which representation Helmholtz indorsed the note. The contention of the plaintiff is that the answer admits having indorsed the note and that the defense alleged in the answer is an attempt to vary the terms of the written contract.

1. The facts pleaded in the amended answer do not tend to vary the written terms of the contract, but allege fraud in securing the indorsement of the defendant, Helmholtz. The matters set out in the answer regarding the arrangement of the sale and the part taken therein by the officials of the bank are matters of inducement which are properly pleaded in order to state the facts which were consummated by the false representations of the officials in securing the indorsement of the defendant, Helmholtz.

The representation that the bank had secured the chattel mortgage from the defendant, Anderson, and then had it in its possession was a statement of fact, and it is clearly alleged that the defendant, Helm-

holtz, was thereby induced, in reliance upon those representations, to indorse the note after having previously refused to do so because it had not been secured and was not taken by the bank in accordance with the arrangement made between it and the defendant, Helmholtz. Fraud is a defense to any action founded on a contract. The legal effect of an obligation secured by fraud is no obligation. The defense of the defendant, Helmholtz, does not seek to vary the terms of the written contract in any sense. The defense is that the indorsement of the defendant, Helmholtz, was procured by fraud and the matters alleged in the answer are the acts and conduct of the plaintiff through its officers contributing to the fraud practiced on the defendant Helmholtz.

2. Instruction No. 3 set out in the statement correctly expresses the law on the issues. It indicates that the Circuit Court confined the jury to the determination of the question of whether or not the indorsement of the defendant, Helmholtz, was procured by fraud. The Constitution of the state forbids this court from inquiring into a question of fact when properly submitted and determined by a jury: Article VII, Section 3c, Constitution of Oregon.

There being some evidence tending to support the defense and the questions of fact having been properly submitted to the jury, this court is precluded from examining the evidence with a view of weighing its value. The court is as much bound by the verdict of the jury as are the parties to the cause where that verdict is based on evidence and the jury has been properly instructed. For this reason it is not the intention of this court to express their opinion upon the facts, but accepts the verdict of the jury. That verdict sustains the allegations of fact in the amended

answer to the effect. that the defendant, Helmholtz, was induced to indorse the note by fraud. That being true, the legal effect is that the defendant Helmholtz did not indorse the note and is not liable thereon.

3. The objections to the testimony disclosed by the bill of exceptions are not well taken. The question propounded to the defendant, Helmholtz, and which he was permitted to answer over the objection of the plaintiff, was not of any great importance, but was harmless. It was not reversible error, if error at all, to permit it to be answered. The refusal of the court to permit the same witness to answer the question propounded by the attorney for the plaintiff on cross-examination was not error. From the record it appears that the question was propounded as an impeaching question, but neither the place nor the time was fixed in the question: Section 864, Or. L. The facts at issue having been fairly submitted to the jury and the jury having returned a verdict in favor of the defendant, Helmholtz, the judgment of the Circuit Court must be affirmed and it is so ordered.

                                              AFFIRMED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.