Motion to dismiss overruled March 2, 1926, argued January 11, affirmed January 24, 1928.

## RED TOP TAXI CO. *v.* O. T. COOPER.

(263 Pac. 64.)

**Municipal Corporations—Automobile Driver's Counterclaim, Alleging Taxicab Driver's Negligence in Speed, and Observing Signal, Stated Cause of Action, Regardless of Ordinance.**

1. Where a taxicab company sued an automobile driver for damages resulting from a collision at a street intersection, and defendant filed a counterclaim, in effect stating that he gave the required turning signal as he approached the intersection, when plaintiff's cab was 100 feet from the intersection, but that plaintiff's car, being driven at an excessive speed of about 30 or 40 miles an hour, struck and damaged defendant's automobile, such counterclaim stated a cause of action, regardless of whether a city ordinance in question was effective or had been superseded.

**Municipal Corporations—Driver, Observing Automobile Approaching from Right, is not Contributorily Negligent, if Reasonable Man Would have Thought He had Time to Cross.**

2. Where a party, entering a street intersection with an intent to cross, sees an automobile approaching from the right at a distance which would lead a reasonable person to believe that he could cross the street before the car coming from the right would reach the intersection, contributory negligence on collision does not follow as a matter of law by reason of such driver's attempting to pass the intersection.

Appeal and Error—Finding on Conflicting Evidence Binds Review-
    ing Court (Const., Art. VII, § 3c).
    3.   Trial court's finding on conflicting evidence binds the review-
ing court, since, by Constitution, Article VII, Section 3c, the re-
viewing court cannot weigh the testimony, if there is any sub-
stantial testimony to support the verdict.

    Appeal and Error, 4 C. J., p. 859, n. 7.
    Motor Vehicles, 42 C. J., p. 992, n. 66, p. 1238, n. 49, p. 1247, n. 54,
p. 1263, n. 48, 49, 50.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 1.

This is an action brought by plaintiff for damages
caused by a collision between its taxicab and the auto-
mobile of defendant whereby plaintiff claimed it was
damaged in the sum of $332.05. The defendant an-
swered, denying that there was any negligence on his
part, and alleged that on the day of the accident he
was driving south in his automobile on Fourth Street
in the City of Portland, and, after giving the proper
signal, entered the intersection of Fourth and Oak
Streets and turned to the left to go east on the right
side of Oak Street; that he was driving at a speed not
to exceed 10 miles an hour and had reached and was
crossing the car line on the east side of said intersec-
tion when he was struck by plaintiff's car, the said
collision being the accident mentioned in plaintiff's
complaint; that at the time W. Santore, an employee
of plaintiff, was driving one of plaintiff's taxicabs
north on the east side of Fourth Street at a rate of
speed of 30 or 40 miles an hour contrary to the traffic
regulations of said City of Portland according to the
provisions of Ordinance No. 32,923, which ordinance
limits the maximum speed of an automobile to 20
miles per hour on the streets and 10 miles on the in-

─────────────────

3.   See 2 R. C. L. 194.

tersections; and that at the time defendant turned to the left in said intersection, plaintiff's car was about the middle of the block and 100 feet or more south of the intersection, and he had ample time to avoid the collision, if he had exercised due diligence in driving and obeyed the traffic regulations of said city.

The defendant further alleged that, by reason of the reckless driving of plaintiff's car, it caused a collision with the car of plaintiff to defendant's damage in the sum of $182.50, for which sum he counterclaimed.

The case was tried before a jury, which returned a verdict in favor of defendant against the plaintiff for $182.50, and from this judgment plaintiff appeals.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. H. C. King.*

For respondent there was a brief and oral argument by *Mr. George S. Shepherd.*

McBRIDE, J.—1. The plaintiff in this case assumed that the counterclaim of defendant is in the nature of an action upon an ordinance, and claims that said ordinance has been superseded by the state law and, therefore, defendant has not shown any cause of action. It is true that the defendant's counterclaim refers very frequently to the city ordinance and plaintiff's violation of it; but, independently of the question, as to whether this portion of the ordinance has been superseded, the counterclaim states a good cause of action under the state law. The sum of it is that defendant was lawfully traveling on Fourth Street in the City of Portland, and at the intersection of

Fourth and Oak Streets, after giving the required signal, he turned to the left on the right side of Oak Street to go east; that at the time he made the turn plaintiff's car was 100 feet or more south of the intersection and on the right side of Fourth Street, and, while he was in the act of crossing the car track on Fourth Street, plaintiff's taxicab, which was driven at an excessive rate of speed, from 30 to 40 miles an hour, skidded into defendant's car with the result that defendant's car was damaged in the sum of $182.50.

2, 3. Plaintiff lays great stress upon the fact that the defendant saw the car coming north on Fourth Street at a distance of 100 feet, when he made the turn, and seems to assume that, if the cab was progressing along Fourth Street at any distance where it could be seen, it was defendant's duty to have stopped his car and allowed plaintiff's car to pass before proceeding further. Plaintiff evidently bases this assumption upon some utterances of this court in the case of *Ramp* v. *Osburn,* 115 Or. 672 (239 Pac. 112), which opinion seems to give some color to his contention; but that case is expressly overruled in this particular in *Casto* v. *Hansen,* 123 Or. 20 (261 Pac. 428), in an opinion by Mr. Justice BELT which held that, where a party entering an intersection with an intent to cross sees an automobile approaching from the right at a distance, which would lead a reasonable person, attempting to cross the street, to believe that he could do so before the automobile coming from the right would reach the intersection, contributory negligence does not follow as a matter of law by reason of his making such an attempt. The authorities therein cited seem to be conclusive on this subject and show the futility of any hard-and-fast rule that would require a party, before crossing a street, to wait until

a car approaching from the right had passed irrespective of its distance from the intersection or its apparent speed. To apply the doctrine announced in *Ramp* v. *Osburn, supra,* to a city street would practically block traffic, because, as is well known, traffic on the streets in the City of Portland often proceeds in an almost continuous string and if a person, desiring to cross, is required to wait until every car approaching from his right has passed he would never get across. So this case reduces itself into two pure questions of fact. First, was defendant justified, as a reasonable man, in assuming that he could cross the street in safety before plaintiff's car approached the intersection? Second, was plaintiff's car being driven at a rate of speed exceeding 20 miles an hour as prescribed by the state law as well as by the city ordinance? If both of these contentions are solved in favor of defendant, then the question, as to whether plaintiff's car was being driven at a reckless rate of speed, and the question, as to whether such recklessness was the cause of the injury, are questions which, if there is conflicting evidence, must be solved by the jury. The evidence in this case is about as conflicting as can well be imagined. There was testimony on behalf of plaintiff, which, if believed, would have justified the jury in finding for the plaintiff. There was also testimony, adduced by defendant, which, if believed, would have justified the jury in finding for the defendant. We have no right to weigh this testimony so long as there is any substantial testimony to support the verdict: Const., Art. VII, subd. 3c. In our opinion there is such testimony in this case, and the judgment must be affirmed.

Rand, C. J., and Coshow and Brown, JJ., concur.