Argued October 18; affirmed December 10, 1929

# M. E. STRYKER *v.* C. HASTIE.

(282 Pac. 1087)

For appellant there was a brief and oral argument by *Mr. Marvin K. Holland.*

For respondent there was a brief over the name of *Messrs. Winter & Maguire* with oral arguments by *Mr. Robert F. Maguire* and *Mr. Charles J. Shelton.*

RAND, J. This is an action to recover damages sustained by plaintiff, whose car was run into by one driven by defendant, causing the injuries complained of. At the time of the accident plaintiff was driving north on East Fifteenth street at its intersection with Alberta street in the city of Portland and defendant was driving west on Alberta street. Alberta street is 36 feet in width from curb to curb. It is a through street and, before entering it from East Fifteenth street, all drivers of vehicles are required to come to

a complete stop. Plaintiff's testimony shows that, before entering the intersection, she brought her car to a complete stop, saw but one car approaching on Alberta street, waited for it to pass and then, after driving into the intersection, looked to the right for a distance of 200 feet or more on Alberta street and saw no car approaching from that direction and that, without looking to her right again, she proceeded to cross the intersection. The collision occurred after she had driven a little beyond the center of Alberta street and while she was on the right-hand side of the intersection. She was thrown out of her car and on to the pavement, which resulted in a very serious injury to her. Plaintiff and defendant were the sole occupants of their respective cars at the time of the accident. Other witnesses testified that defendant said just after the accident occurred that he did not see plaintiff's car at all and, while upon the stand, he testified that he did not see it until within 6 or 8 feet of it. Plaintiff testified that she was driving about six miles per hour and defendant said that he was driving from 18 to 20 miles per hour at the time of the collision. The trial resulted in a verdict and judgment for plaintiff, from which defendant has appealed.

The principal point urged is that the court erred in overruling defendant's motion for a nonsuit and his motion for a directed verdict. Both motions were based upon the ground that plaintiff was guilty of contributory negligence. Defendant claims that he was entitled to a nonsuit and to a directed verdict because plaintiff, after entering the intersection and having once looked to her right and seeing no car approaching within 200 feet, did not look again to her right while crossing the intersection. This, defendant

claims, constituted negligence upon plaintiff's part as a matter of law. He also contends that, under the circumstances stated, he had the right of way and that it was plaintiff's duty to look out for him and yield him the right of way, and that it was not his duty to look out for her in order to avoid a collision, and that because she failed to look out for him and thereby avoid a collision it was her own fault and she can not recover regardless of whether defendant was negligent or not.

Whether defendant had the right of way, or, if having the right of way, whether he was justified in exercising it must be determined in the light of the surrounding circumstances and whether plaintiff, having looked once and having seen that there was no car approaching from her right within 200 feet of the intersection, was negligent in failing to look again to her right while crossing the intersection depended upon whether or not a reasonably prudent person under the same circumstances would have looked and have seen the approach of defendant's car in time to avoid a collision, and, since there was a dispute in the testimony upon these questions, they were all questions of fact for the jury and not questions of law for the court. If plaintiff's testimony is to be believed that, during the time it took her to drive at the rate of six miles per hour over one-half of the intersection, or a distance of a little over 18 feet, defendant had driven 200 feet or more during that time, and, if defendant's testimony is to be believed, that he did not see her as she was crossing the interesection almost directly in front of him, it shows that he must have been driving both carelessly and at an unlawful rate of speed. The truth or falsity of their testimony was for the jury, it being the exclusive judge of the credibility of both of said

witnesses. Whether, under the circumstances shown by the testimony, defendant had the right of way or, if having it, he was justified in the absolute exercise of it were all questions of fact for the jury and whether, under the circumstances stated, plaintiff's conduct in not looking to her right after entering the intersection, and after having observed there was no car coming from her right within 200 feet or more, was negligence upon her part was a question for the jury to be determined under the rule that persons driving across street intersections must exercise such reasonable precautions for their own safety as ordinarily prudent persons would exercise under the same circumstances. Drivers crossing intersections of streets in a city are not only bound to look to their right and left but also ahead of them in order to avoid collision with other cars as well as to avoid running over pedestrians who may be crossing in front of them. Therefore, whether plaintiff, having looked once to the right after entering the intersection and failing to look in that direction again, was negligent depends entirely upon the circumstances existing at the time and not upon any fixed, inflexible rule of law applicable to all cases and under all circumstances.

■ Under the circumstances stated, plaintiff was not bound to anticipate that defendant would drive at an unlawful rate of speed or that he would fail to see her while crossing the intersection or that he would fail to conform to any of the requirements of the statute. Drivers of motor vehicles, when approaching highway intersections, are required, under our statute, to "look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enter and reach the inter-

section or not." See subd. 7 (a), chap. 186, L. 1929, p. 181. But subd. 18 (b) of the same act provides:

"No person shall drive any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, nor without due caution and circumspection and/or at a speed or in a manner so as to endanger or be likely to endanger any person or property."

The foregoing provisions are obligatory upon all persons coming within their terms and are applicable upon all public highways within the state regardless of the rate of speed other sections of the statute may permit. In other words, these requirements must be complied with at all times and under all circumstances, and upon every part of every highway within the state. A violation of any of these requirements, resulting in injury to another, is negligence per se. They were intended to curb recklessness and to prevent careless driving upon the part of every person driving a motor vehicle upon any public highway. They are applicable to drivers having the right of way as well as to those not having it. Both of the sections referred to are a part of the same statute and, therefore, must be construed together and they should be construed so as to insure the highest degree of safety to the public. When both sections are applied to plaintiff's testimony in this case, it cannot be said as a matter of law the defendant had the right of way at the time of the collision, nor can it be said that, if he had the right of way, he was justified in the absolute exercise of that right or that plaintiff was at fault or that defendant was himself free from fault. As was said in *Paulsen v. Klinge,* 92 N. J. L. 99 (104 Atl. 95):

"If we assume that the defendant had the right of way, the conditions must be such as to justify him in

the absolute exercise of the right. In any event his right upon the highway is not exclusive, but at all time relative and still subject to the fundamental common-law doctrine, *sic utere tuo ut alienum non laedas*. Nor was his right of way exclusive because he was on the right side of the road, as required by the traffic statute. The legislature did not contemplate by this enactment to confer a monopoly of way *ad libitum* upon a person in the posture of the defendant, regardless of existing conditions and the distance he was from the intersecting street into which others were proceeding."

Under plaintiff's testimony her case comes within the rule stated in *Grant v. Marshall,* 121 Atl. 664, which is quoted in Berry on Automobiles, 5 ed., § 208, as follows:

"* * * if a traveler, not having such right of precedence, comes to the crossing and finds no one approaching it upon the other street within such distance as reasonably to indicate danger of interference or collision, he is under no obligation to stop or to wait, buy may proceed to use such crossing as a matter of right."

Under facts very similar to those involved here, liability of an automobile driver for injuries caused to the driver of a motorcycle was upheld in *Casto v. Hansen,* 123 Or. 20 (261 P. 428), and in *Red Top Taxi Co. v. Cooper,* 123 Or. 610 (263 P. 64), Mr. Justice McBride, speaking for the court, said:

"* * * in *Casto v. Hansen,* 123 Or. 20 (261 P. 428, in an opinion by Mr. Justice Belt which held that, where a party entering an intersection with an intent to cross sees an automobile approaching from the right at a distance, which would lead a reasonable person, attempting to cross the street, to believe that he could do so before the automoble coming from the right would reach the intersection, contributory negligence does not follow as a matter of law by reason of his

making such an attempt. The authorities therein cited seem to be conclusive on this subject and show the futility of any hard and fast rule that would require a party, before crossing a street, to wait until a car approaching from the right had passed irrespective of its distance from the intersection or its apparent speed. To apply the doctrine announced in *Ramp v. Osburn,* supra, to a city street would practically block traffic, because, as is well known, traffic on the streets in the city of Portland often proceeds in an almost continuous string and if a person, desiring to cross, is required to wait until every car approaching from his right has passed he would never get across. So this case reduces itself into two pure questions of fact: First, was defendant justified, as a reasonable man, in assuming that he could cross the street in safety before plaintiff's car approached the intersection? Second, was plaintiff's car being driven at a rate of speed exceeding 20 miles an hour as prescribed by the state law as well as by the city ordinance? If both of these contentions are solved in favor of defendant, then the question, as to whether plaintiff's car was being driven at a reckless rate of speed, and the question, as to whether such recklessness was the cause of the injury, are questions which, if there is conflicting evidence, must be solved by the jury."

Defendant also assigns as error the refusal of the court to give an instruction requested by defendant and its refusal to give two other instructions in the language requested, and to the giving of them as modified by the court. After carefully considering the instructions given by the court and the action of the court in respect to the matters complained of, we find no error.

The judgment is, therefore, affirmed.

AFFIRMED.

BELT and BROWN, JJ., absent.