Argued November 5, affirmed December 31, 1964

DENNY ET AL *v.* WARREN

398 P. 2d 123

*Burton H. Bennett,* Portland, argued the cause for appellants. On the brief were Franklin, Olson, Bennett & Des Brisay, Portland.

*John Gordon Gearin,* Portland, argued the cause

for respondent. With him on the brief were James V. Hurley and Koerner, Young, McColloch & Dezendorf, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an action in negligence to recover for water damage to a dwelling house while it was under construction. The general contractor joined with the owners of the house as plaintiffs in this action against the plumbing subcontractor. A jury was waived. The trial court decided the facts and entered judgment for the defendant. The plaintiffs appeal.

There is no serious dispute about the observable facts. The general contractor undertook to build a house for the owners. The defendant was employed to install certain plumbing facilities, one of which was an automatic dishwasher. The defendant installed the dishwasher, tested it, and left the premises. During the test, the appliance functioned properly. While the dishwasher was being installed, the general contractor's employes were on the premises. There is no evidence, however, that anyone other than the plumber and his employes touched the dishwasher or any of its connections.

During the weekend that followed the installation of the dishwasher, and while nobody was on the premises, a leak developed in a brass coupling which connected a copper hotwater pipe to the dishwasher. By the time the leak was discovered, substantial damage had been done to the walls, floors, and interior finish of the house.

Finding no evidence that the defendant had been

negligent, the trial court entered judgment for the defendant. The plaintiffs contend that the court erred in not applying the doctrine of *res ipsa loquitur* to the facts in the instant case.

There are three ways in which the accident might have occurred. All involve the negligence of someone. The plumber may have made a negligent installation of a sound coupling. If that were the fact, the plumber would be liable to the plaintiffs for negligently causing them harm. Or, the plumber may have made a careful installation of a defective coupling, in which the defect could not have been detected in the exercise of ordinary care. In such a case, while the supplier of the defective unit may have been negligent, the plumber would not be guilty of negligence.[1] Finally, the plumber may have made a negligent installation of an obviously defective coupling. In this last situation, the inquiry would include not only the question of who had been negligent, but also the question of whose negligence had "caused" the accident. The plumber, in a given case, might or might not share liability with a supplier. Thus, we see that of the three possible explanations for the mishap there are only two in which the negligence of the plumber could be a causal factor.

With the foregoing general considerations in mind, we must decide whether or not this is a proper case in which to invoke the doctrine of *res ipsa loquitur*.

■ The conditions usually stated for the application of the doctrine are three: (1) the accident must be one that ordinarily would not occur in the absence of negligence, or, as it is sometimes put, the instrumentality causing injury must be such that no injury ordinarily

---

[1] This is neither a product-liability action nor a contract (breach of warranty) action, so considerations that might be relevant in such actions were not briefed or argued in this case.

would result from its use unless there had been negligence in its construction, inspection, or use; (2) both the inspection and the use must have been in the defendant's control at all times material to the injury; and (3) the injurious occurrence or condition must have happened irrespective of any voluntary action on the plaintiff's part. *Gow v. Multnomah Hotel, Inc.*, 191 Or 45, 52, 224 P2d 552, 228 P2d 791 (1951).

Applying the foregoing tests for *res ipsa loquitur* in the instant case, we can say that someone was negligent. We can also say that someone's negligence caused the injury complained of. The question is whether the someone whose negligence caused the injury is the defendant in this case or someone else.

██ The validity of an inference arising out of circumstances depends upon a preponderance of probabilities in each instance. *Powell v. Moore*, 228 Or 255, 267, 364 P2d 1094 (1961). Thus, in order to apply *res ipsa loquitur*, it must be possible to say, first, that it is more probable than not that the injury was caused by someone's negligence; and second, that it is more probable than not that the person whose negligence caused the injury was the defendant and not some third party, e.g., in the case before us, a remote supplier.

██ The concept of *res ipsa loquitur* does not relieve the plaintiff from establishing, at least by a preponderance of probabilities, the element of legal cause which is common to all tort actions. The requirement that the element of cause must be established is noted in Professor Prosser's discussion, *Res Ipsa Loquitur in California*, 37 Calif L Rev 183 (1949), where he says:

> "Thus, even though the facts cry loudly of someone's negligence, it is still the plaintiff's task to fix that negligence upon the defendant. This

he may do by a second inference * * *, based on a showing of some specific cause for the accident within the defendant's responsibility, or on a showing that the defendant was responsible for all reasonably probable causes to which the accident could be attributed * * *. Here again the plaintiff needs only a preponderance of the evidence, and he need not definitely exclude all other possible conclusions * * *. Where * * * other causes are in the first instance equally probable, there must be evidence which will permit the jury to eliminate them * * *. Only enough is required, however, to permit a finding as to the greater probability * * *." 37 Calif L Rev at 197, 198.

The importance of tying the defendant to the negligence and causation of the harm is noted in Malone, *Res Ipsa Loquitur and Proof by Inference,* 4 La L Rev 70 (1941):

"* * * [I]t has been previously suggested that the issues of causation and negligence are usually inextricably associated in res ipsa loquitur * * *. Very often the determination of negligence or no negligence is not so much a matter of passing judgment upon the *quality* of the defendant's conduct as of seeking to elicit all hypotheses that point the finger of responsibility toward or away from him. If the injury can be attributed solely to the defendant's conduct, the inference that accidents do not usually happen in the absence of carelessness will normally warrant calling upon the defendant to explain." 4 La L Rev at 80.

The requirement of the defendant's connection with the harm is fundamental in any discussion of the element of "control" in *res ipsa loquitur:*

"The second requirement for res ipsa loquitur is commonly stated in terms of defendant's exclusive control of the injuring agency. The logical

basis for this requirement is simply that it must appear that the negligence of which the thing speaks is probably that of defendant and not of another. Viewed in this light the requirement of proof of exclusive control is immediately seen to impose too strict a burden upon plaintiffs. Exclusive control may have the requisite logical tendency, but there are also many other ways (not involving exclusive control) in which the probable negligence can be attributed to defendant. And in fact the courts do not generally apply this requirement as it is literally stated, although mechanical insistence upon it has brought about an occasional restrictive result * * *. The requirement as it is generally applied is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably 'such that the defendant would be responsible for any negligence connected with it.' * * * That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door. Here again, as in the case of the first requirement, there is wide range for judicial guesswork about relative probabilities * * *." 2 Harper and James, The Law of Torts 1085, 1086, § 19.7 (1956).

■ In summary, then, it can be said that the availability of *res ipsa loquitur* depends in part upon circumstances that demonstrate a strong probability that it was the conduct of the defendant rather than that of someone else that caused the injury complained of.

■ In the instant case, there is little, if any, more evidence tending to show that the negligence of the defendant caused the injury than that the negligence of someone else caused it. Certain evidence tending to eliminate the negligence of such a third person was

rejected by the trial judge as a judge, so he did not engage in a *res-ipsa* inference as a trier of fact.

Unless the court erred in excluding the plaintiff's evidence, there was no error in rejecting an inference of negligence arising solely from the doctrine of *res ipsa loquitur*.

The trial court refused to permit the general contractor to testify concerning his opinion that the fitting had broken because it had been twisted too tightly. Such evidence, if received, would have been direct evidence of negligence on the part of the defendant. It also would have tended to eliminate from consideration the possible negligence of a manufacturer or supplier. The trial court ruled, however, that the witness, who was also one of the plaintiffs, was not sufficiently qualified as an expert to testify on such matters.

■■ Ordinarily, such a ruling by a trial judge is a discretionary one, and, unless we can say he abused that discretion, there is no ground for reversal. *State Highway Com. v. Arnold et al*, 218 Or 43, 60, 341 P2d 1089, 343 P2d 1113 (1959); *Tuite v. Union Pacific Stages et al*, 204 Or 565, 583-584, 284 P2d 333 (1955). The record discloses no reason to hold that the trial judge abused his discretion in excluding the opinion evidence.

It appears from the record that the trial court's view of the evidence, as a whole, would not have been substantially different if the contractor-plaintiff had been permitted to testify concerning his opinions about the cause of the plumbing failure. The trial court believed that the plumber had exercised due care in making the installation. If the testimony of the plumbers is believed, there was no negligence.

■ Since we have found no error in the refusal to permit the plaintiff's opinion to come in, there was no

error in refusing to permit *res ipsa loquitur* to play a part in this trial. There could be, therefore, no error in the refusal to draw permissible inferences that may or may not be drawn when *res ipsa loquitur* is allowed to operate. There was conflicting evidence, and there were conflicting inferences to be drawn from the evidence. Accordingly, the findings of fact made by the trier of fact are binding upon this court. *Armbrust v. Travelers Ins. Co.*, 232 Or 617, 623, 376 P2d 669 (1962).

Affirmed.