Argued December 8, 1971, affirmed April 4, 1972

# ST. PAUL FIRE AND MARINE INSURANCE COMPANY ET AL, *Respondents, v.* WATKINS, *Appellant.*

495 P2d 265

*George M. Joseph,* Portland, argued the cause for appellant. With him on the briefs were Bemis, Breathouwer & Joseph, Portland; Thomas S. Moore, and Morrison, Bailey, Dunn, Cohen & Miller, Portland.

*David C. Landis,* Portland, argued the cause for respondents. With him on the brief were Gearin, Hollister & Landis, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

HOWELL, J.

This is a subrogation action brought by plaintiffs to recover for fire loss allegedly caused by defendant, an electrical contractor who was engaged to perform electrical work at the KGW television and radio station in Portland. The action was tried before the court without a jury and a judgment rendered for plaintiffs. Defendant appeals.

KGW had contracted with defendant to install electrical service into a film processing laboratory. The installation required the defendant to work on a large panel with electrical cables, wires, buss bars, and various switches located inside the panel. In order to connect the new power service, a cover plate on

the panel had to be removed and a new breaker switch installed. This switch, when installed, would make electrical and mechanical contact with a "hot lug" and power would flow into the circuit.

At the time of the fire, the defendant had nearly completed the job and was in the process of installing a breaker in the large panel. Using a screwdriver, he removed one screw in a blank cover plate and started to remove the top screw when he observed a "chute of flames coming up under my arm." A series of three explosions "like a blast of dynamite" occurred and the panel was severely burned by the ensuing fire.

The plaintiffs' complaint contained a general allegation of the doctrine of res ipsa loquitur as a basis for recovery against the defendant. At the trial plaintiffs produced evidence that the defendant dropped his screwdriver into the panel, and also evidence that defendant stated to others after the fire that he "dropped a panel" or "a panel has fallen into the power."

The trial judge rejected the proposition that the fire was caused by defendant dropping the screwdriver into the panel, or that the cover plates had contacted the power inside the panel, but found that defendant was in exclusive control of the panel; that such panels will not ordinarily short-circuit and burst into flame unless some foreign object is introduced into them; and that the doctrine of res ipsa loquitur applied.

■ The defendant contends that the trial court erred in denying his motion for a judgment of involuntary nonsuit and in entering a judgment for plaintiffs based on the application of res ipsa loquitur. As the sole issue is whether the doctrine applies to

the facts in this case, these assignments of error will be considered together.

The law is now well-established in this state that the following conditions are necessary to the application of the doctrine of res ipsa loquitur:

> "(1) the accident must be of a kind which ordinarily does not occur in the absence of someone else's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Mayor v. Dowsett,* 240 Or 196, 214, 400 P2d 234 (1965), citing Prosser, Law of Torts (2d ed) 201-202, § 402.[1]

See also *Dacus v. Miller,* 257 Or 337, 479 P2d 229 (1971); *Kaufman v. Fisher,* 230 Or 626, 371 P2d 948 (1962). The effect of the application of the doctrine is that the trier of fact is permitted to draw the inference that the defendant was negligent in some respect "even though it is impossible to determine in what specific way defendant was negligent." *Kaufman v. Fisher,* supra at 635.

It is obvious that element number three above is present in the instant case.

■■ The first question is whether the court as a matter of law in the instant case could conclude that the

---

[1] The requirement that defendant be in "exclusive control" of the instrumentality which caused the accident has been criticized. See Prosser, Torts (3rd ed) 224, § 39; 2 Harper & James, The Law of Torts 1085, 1086, § 19.7 (1945). As we noted in Denny v. Warren, 239 Or 401, 407, 398 P2d 123 (1964), the requirement is satisfied where the "circumstances * * * demonstrate a strong probability that it was the conduct of the defendant rather than that of someone else that caused the injury complained of." It is clear in the present case that the requirement of "control," however phrased, was satisfied.

accident was of a kind which more probably than not would not have occurred in the absence of negligence on the part of the defendant. If from common sense and ordinary experience the trial court (in cases where the ultimate conclusion is to be made by the jury) concludes that accidents of this type more often than not occur because of someone's negligence, the case should be submitted to the jury. The jury may or may not reach the same conclusion. *Kaufman v. Fisher,* supra at 640. Also, expert testimony is admissible to establish the inference that accidents of the kind in question usually do not occur without negligence. *Mayor v. Dowsett,* supra at 217; Prosser, Torts 217, § 39 (4th ed 1971); Fricke, The Use of Expert Evidence in Res Ipsa Loquitur Cases, 5 Vill L Rev 59 (1959).

■ We agree with the conclusion of the trial court that an accident of the type involved in the instant case—an electrical panel exploding and bursting into flame—is the type that does not ordinarily occur without negligence. Prosser, Torts, supra at 214. This conclusion is buttressed by the testimony. One witness, an electrical engineer, testified that he had seen such panels in use for years, and they don't "go haywire very quickly."

We also find that there was evidence to support a conclusion that the fire in the panel was caused by an agency or instrumentality within the exclusive control of the defendant. The panel had been installed in 1965 and had operated without difficulty until the accident on September 4, 1968. The defendant was working on the panel at the time and, in fact, was the only person in the room when the fire started.

The defendant argues that even if it be accepted that fires in electrical panels are very unusual occur-

rences and that negligence is a more likely cause of the fire, the defendant is not responsible in the absence of any evidence that he was the *legal* cause of the fire. The defendant relies on the case of *Denny v. Warren,* 239 Or 401, 398 P2d 123 (1964). That case is not applicable. There, the defendant was employed to install an automatic dishwasher in a house under construction. The washer was tested and found to operate properly. Later, the dishwasher developed a leak, causing substantial water damage to the house. This court found that the trial court properly refused to apply the doctrine of res ipsa loquitur on the ground that "there is little, if any, more evidence tending to show that the negligence of the defendant caused the injury than the negligence of someone else caused it." The injury could have been caused by the manufacturer or supplier.

■ It is true, as we said in *Denny,* that the concept of res ipsa loquitur does not relieve the plaintiff from establishing the element of causation of the injury by a preponderance of probabilities. But, at the same time, the plaintiff's burden is not increased simply because res ipsa loquitur is employed. *Kaufman v. Fisher,* supra at 636-38. All plaintiff is required to show are "circumstances that demonstrate a strong probability that it was the conduct of the defendant rather than that of someone else that caused the injury complained of." *Denny v. Warren,* supra at 407.

In the instant case, unlike *Denny,* the evidence showed that the defendant was in exclusive control of the panel at the time the fire occurred. Under these circumstances there was evidence from which the trier of fact could find that it was more probably the conduct of the defendant rather than someone else which caused the injury.

Accordingly, as the doctrine of res ipsa loquitur was appropriately applied in the instant case, the finding of the trial court as the trier of the fact that the fire was caused by the defendant's negligence is binding on this court.

Affirmed.