Argued April 28, reversed and remanded
for new trial June 9, 1975

CUMMINS, *Appellant, v.* CITY OF
WEST LINN (No. 82981), *Respondent.*
536 P2d 455

*Charles Robinowitz,* Portland, argued the cause and filed the briefs for appellant.

*John E. Hart,* Portland, argued the cause for respondent. With him on the brief were Henry C. Willener and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

LEE, J.

Plaintiff charged negligence on the part of the city (1) in maintaining an inadequate sewer system; (2) in failing to install equipment that would check sewage backflow; and (3) in failing to warn that defendant's sewer system was inadequate. The city made a general denial and affirmative defense that plaintiff had illegally attached roof drains to his sewer outflow. For want of other evidence of negligence, plaintiff urged the theory of *res ipsa loquitur*. Plaintiff appeals from judgment of involuntary nonsuit and the denial of his motion for new trial. We reverse.

The plaintiff's proof was that his basement was flooded with sewage which entered with considerable force from the toilet bowl, wash basin overflow and shower vent; that he had had no problems before, or since, with the connection to the city's sewer trunk; and that the connection of his roof drains with the sewer could not have caused the problem. Plaintiff's plumber was asked if he had an opinion as to what "could" have caused the sewage backflow into plaintiff's house but objection was sustained because of speculativeness. There had been 2.2 inches of rainfall on the day of the incident which was within a normal range.

The motion for involuntary nonsuit was allowed on the ground that plaintiff had not produced evidence of any of the specifications of negligence against the city. The court rejected plaintiff's theory of *res ipsa loquitur* on the ground that he had control of the pipe which connected his residence with the city sewer. This was a jury trial.

ORS 18.230 provides, in part, that:

"A judgment of nonsuit may be given against the plaintiff:
"* * * * *

"(3) On motion of the defendant, * * * when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury."

ORS 18.240 provides:

"A cause not sufficient to be submitted to the jury is one which, if the jury were to find a *verdict* for the plaintiff, upon any or all of the issues to be tried, the court ought, if required, to *set aside* for want of evidence to support it." (Emphasis supplied.)

The limited circumstance in which a court can set aside a verdict is set forth in the Oregon Constitution, Art VII, § 3, as follows:

"* * * [N]o fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict. * * *"

■■ The court is bound to leave undisturbed any verdict supported by substantial, competent evidence, *First Nat. Bank v. Anderson et al.,* 112 Or 167, 228 P 929 (1924); *Red Top Taxi Co. v. Cooper.,* 123 Or 610, 263 P 64 (1928); *Abraham v. Mack et al.,* 130 Or 32, 273 P 711, 278 P 972 (1929). The essence of these provisions is that if there is any substantial, competent evidence to support a verdict for plaintiff, nonsuiting the plaintiff is error.

■ The Supreme Court has also adopted the rule that in ruling on motions for involuntary nonsuit, the truth of all the plaintiff's competent evidence is admitted, as are all possible inferences in the plaintiff's favor which can reasonably be drawn; the court must view the evidence in the light most favorable to plaintiff. *Stocking v. Sunset Square, Inc.,* 264 Or 151, 504 P2d 100 (1972); *Pakos v. Clark,* 253 Or 113, 116, 453 P2d 682 (1969); *Lammers v. Hinsdale,* 146 Or 355, 30 P2d 335 (1934).

On this appeal plaintiff relies on the doctrine

of *res ipsa loquitur* because there is no other evidence to establish that the city was negligent.

In *Gow v. Multnomah Hotel, Inc.*, 191 Or 45, 52, 224 P2d 552, 228 P2d 791 (1951), the Supreme Court held that:

"Although there have been some modern accretions, the essence of the doctrine known as res ipsa loquitur has never been better stated than in its first formulation in 1865. The court said:

" 'There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.' 3 H. & C. 596, 159 Eng. Rep. 665."

In *Denny v. Warren*, 239 Or 401, 404-5, 398 P2d 123 (1964), the following conditions have been listed as essential for the doctrine to apply:

"* * * (1) [T]he accident must be one that ordinarily would not occur in the absence of negligence, or, as it is sometimes put, the instrumentality causing injury must be such that no injury ordinarily would result from its use unless there had been negligence in its construction, inspection, or use; (2) [B]oth the inspection and the use must have been in the defendant's control at all times material to the injury; and (3) [T]he injurious occurrence or condition must have happened irrespective of any voluntary action on the plaintiff's part. * * *"

Defendant contends that the three conditions enumerated above have no application to this case.

*First,* defendant claims that the proof adduced by plaintiff is insufficient to show that someone was negligent. We disagree.

■ The application of *res ipsa loquitur* is based on probabilities, i.e. if the probability of a negligent cause of the accident exceeds the probability of a non-negligent cause, then this condition is met. *See Austin v. Sisters of Charity,* 256 Or 179, 188, 470 P2d 939 (1970) ; *American Village v. Stringfield Lbr.,* 99 Adv Sh 256, 257-58, 269 Or 41, 522 P2d 891 (1974) ; *Kaufman v. Fisher,* 230 Or 626, 639-40, 371 P2d 948 (1962). We find that, when sewage geysers up and covers a 750 square foot basement eight inches deep, this occurrence so rarely occurs in a well-maintained sewage system, that the probability of negligence is very high indeed. The Supreme Court held in *St. Paul Fire & Mar. Ins. v. Watkins,* 261 Or 473, 477, 495 P2d 265 (1972) that:

"* * * If from common sense and ordinary experience the trial court (in cases where the ultimate conclusion is to be made by the jury) concludes that accidents of this type more often than not occur because of someone's negligence, the case should be submitted to the jury. The jury may or may not reach the same conclusion. * * *"

*Second,* defendant maintains that the damage-causing instrumentality was not in the control of the defendant. Defendant points out that the pipe connecting plaintiff's residence to the defendant's trunk line was under the control of the plaintiff, thus establishing that defendant did not have complete control of all the pipe between the city system and the plaintiff's dwelling house.

■ However, (A) in the context of *res ipsa loquitur,* "control" applies primarily to the *instrumentality* causing the damage, which, in this case, was the sewage. The mere fact that the sewage passed through a few feet of pipe which happened to be under plaintiff's control, standing alone, does not diminish the fact that, overall, the sewage was under the defendant's control

up to the time it entered the plaintiff's home. Furthermore, (B) there is no allegation that plaintiff was negligent, or otherwise at fault, in regard to the connecting pipe. Finally, (C) defendant has not suggested, and we do not conceive of, any possible way that plaintiff's maintenance of the connecting pipe could have caused the damage that took place. Indeed, if plaintiff had poorly maintained the pipe, allowing it to become clogged, this would have prevented or reduced the problem by making the sewage bypass his residence.

It is true that in the instant case, the plaintiff could not specify the particular manner in which the defendant was negligent; ordinarily such specification would be required. However, in *Kaufman* our Supreme Court said:

"* * * If the accident is of a kind which ordinarily would not have occurred in the absence of defendant's negligence, an inference is permissible that defendant was negligent in some particular, even though it is impossible to determine in what specific way defendant was negligent. * * *" 230 Or at 635.

■■ *Third*, defendant argues that *res ipsa loquitur* is inapplicable in this case because the plaintiff may have caused the problem by keeping the downspouts on the sewer system, in violation of ordinance. To make out a *res ipsa loquitur* case, it is not necessary for the plaintiff to absolutely and conclusively prove that there is no possibility that he contributed to the damage. *Powell v. Moore,* 228 Or 255, 267-68, 364 P2d 1094 (1961) states:

"* * * The plaintiff is seldom entirely static, and it is not necessary that he be completely inactive, but merely that there be evidence removing the inference of his own responsibility. The thought is expressed more explicitly, with respect to cases such as the one at bar, in the footnote where it

is said that '[t]his is true particularly where the plaintiff has done nothing abnormal, and has only used a thing for the purposes for which it was intended.' Prosser, Torts (2d ed 1955) p. 208. See also, *Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 54-65, 224 P2d 552 (1950), mandate amended, 191 Or 65, 228 P2d 791 (1951); 2 Harper & James, Torts, § 19.8 (1956); Prosser, Res Ipsa Loquitur in California, 37 Calif L Rev 183, 201-202 (1949). And even where there is some evidence that plaintiff's failure to exercise care in the use of defendant's equipment was a contributing cause producing the injury, the doctrine is not excluded as a matter of law; rather the case is to be submitted to the jury with proper instructions permitting the jury to draw the inference of defendant's negligence if it finds that plaintiff by his own conduct was not responsible for causing his injury. *Gow v. Multnomah Hotel, Inc.,* supra, 191 Or at 59-64; *Johnson v. United States,* 333 U S 46, 50, 68 S Ct 391, 92 L Ed 468 (1948); *Jesionowski v. Boston & Maine R. Co.,* 329 U S 452, 458, 67 S Ct 401, 91 L Ed 416, 169 ALR 947 (1947); 2 Harper & James, Torts (1956) § 19.8; Prosser, Torts (2d ed 1955) 209."

It is a question of probabilities, not of certainties. It is also unnecessary for the plaintiff to eliminate with certainty all other possible causes or inferences (besides defendant's negligence) Prosser, Torts 211, 218, § 39 (4th ed 1971).

Furthermore, we believe this case strongly supports that third condition of *res ipsa loquitur,* the lack of plaintiff's own contribution to the damage or injury. In its support of the claim of plaintiff's possible contribution to the damage, defendant offers no more than bare speculation on the "possible causal role" the downspouts "may have played in the flooding."

On the other hand, plaintiff's expert witness, a plumber of 14 years' experience, testified that the roof gutters (feeding through the downspouts to the con-

necting sewer) had played no role in the flooding. As we have already noted, such testimony must be deemed true in considering a motion for involuntary nonsuit. Since the testimony is deemed to be true, and since it is the only evidence in the case on the point, it sufficiently negatives the possibility of plaintiff's contribution to the flooding through the downspouts.

■■ The applicability of *res ipsa loquitur* is a matter of law, to be determined by the court. *See, Gow v. Multnomah Hotel, Inc.,* supra, 191 Or at 54 and *Denny v. Warren,* supra, 239 Or at 405. We believe that all the conditions of *res ipsa loquitur* have been met in this case. Thus, it was error for the trial court to enter judgment of involuntary nonsuit.

■ We do not consider plaintiff's second assignment of error concerning exclusion of testimony by plaintiff's expert witness because there was no offer of proof. *Jones v. Mitchell Bros.,* 266 Or 513, 526, .511 P2d 347, 514 P2d 350 (1973).

Reversed and remanded for new trial.