COWLTHORP, *Respondent/Cross-Appellant,*
*v.*
BRANFORD, *Appellant/Cross-Respondent.*
(No. 405-964, SC 24626)

567 P2d 536

Jeffrey M. Batchelor, of Gearing, Cheney, Landis, Aebi & Kelley, Portland, argued the cause for appellant/cross-respondent. With him on the briefs was David C. Landis, Portland.

James J. Pomajevich, of Engel and Pomajevich, Portland, argued the cause and filed briefs for respondent/cross-appellant.

HOLMAN, J.

## HOLMAN, J.

This is an action for damages for alleged medical malpractice resulting in brain damage caused by cardiac arrest during the administration of an anesthetic. Judgment was entered for defendant pursuant to a jury verdict. Plaintiff filed a motion for a new trial which was granted on the 56th day subsequent to the entry of judgment. Defendant has appealed from the order granting a new trial. Plaintiff has conceded that the order for a new trial was a nullity because of the lapse of more than 55 days from the entry of judgment. *See* ORS 17.615. Plaintiff has also cross-appealed, however, contending that the trial court erred in the giving of certain of defendant's requested instructions.

Because of plaintiff's concession that the trial court's order granting a new trial was a nullity, we immediately turn to plaintiff's cross-appeal. Plaintiff first assigns as error the giving of the following instruction:

> "The [*res ipsa loquitur*] inference does not apply where there are two or more possible causes for the damage, for only one of which the defendant would be responsible."

This instruction was derived from *Crewse v. Munroe,* 224 Or 174, 177, 355 P2d 637 (1960), but it did not include the entire *Crewse* instruction. The instruction in *Crewse* was general and did not refer to *res ipsa loquitur* specifically. In its entirety, it was as follows:

> "If the evidence in a case discloses two or more possible causes for an injury, for only one of which a defendant is responsible, liability does not attach unless the evidence discloses that the cause for which he is responsible is the more probable. [Citations omitted.]"

The instruction as given in this case is, of course, an incorrect statement of the law because it does not tell the jury that its applicability is dependent upon the two or more causes being equally probable. The instruction was intended to cover a situation in which plaintiff did not carry her burden of proof because she

[ 275 ]

failed to prove that the circumstances of the injury were such that it was more likely than not that the injury was the result of defendant's negligence.

Defendant contends that the instruction was more favorable to plaintiff than that to which she was entitled because, by inference, it required only a *possible* cause as a basis of recovery rather than a *probable* one. We do not interpret the instruction in this way, and we do not believe it would be so understood by jurors as practical persons. *Storla v. S., P. & S. Trans. Co.,* 136 Or 315, 330, 297 P 367, 298 P 1065 (1931). We see the instruction as telling the jury that the *res ipsa loquitur* inference cannot aid a plaintiff where there are two or more possible causes for the injury, regardless of their relative plausibility or probability. This would mean, in relation to the factual situation here, that faced with the possibility of an accident not attributable to defendant and also with the possibility of an accident caused by defendant's negligence, a jury could not apply *res ipsa loquitur* regardless of the two causes' relative probabilities. The instruction indicates that it is necessary to discount any other cause completely before the *res ipsa loquitur* inference that the accident was caused by defendant's negligence can arise. This is incorrect. Plaintiff's burden is not increased simply because *res ipsa loquitur* is employed. *St. Paul Fire & Mar. Ins. v. Watkins,* 261 Or 473, 478, 495 P2d 265 (1972).

Defendant also argues that the instruction is correct because it implies that where the causes for which a defendant would be responsible are only possible and not probable, there can be no recovery. We do not believe that such an understanding would likely follow from the instruction.

Defendant also says that, viewed as a whole, the instructions upon the burden of proof were proper because elsewhere in the instructions the proper rule was given:

"I instruct you that where there are two or more

possible causes for an injury, for one or more of which a defendant is not responsible, there can be no recovery unless it is shown that as between the causes in question, the cause of which the defendant is responsible is the more probable.

"If the evidence leaves it as probable that the damage was the result of one cause as much as another, then the plaintiff cannot recover from such defendant."[1]

The challenged instruction regarding the *res ipsa loquitur* inference sets a stricter standard of application than that required by this general instruction. The general instruction adequately covered the point. There was no reason to give the challenged instruction, even had it correctly stated the law. However, the two completely contradictory instructions were given, and we have no way of determining which instruction was followed by the jury.

■ Defendant also contends that the plaintiff did not take a sufficiently intelligible exception to the instruction to merit its review. The exception was as follows:

"MR. KILMER: Well, now, I don't want to get distracted, but, 'the inference does not apply where there are two or more possible causes for the damage, for only one of which the defendant would be responsible.' Now, that is irrelevant to a res ipsa loquitur situation because they have to find that it is the kind of injury which ordinarily does not occur in the absence of negligence and that is to be determined from the evidence presented by experts. Now, if they don't find that it ordinarily doesn't occur from the testimony of experts, then, you know, they can't go any further with this deal. To put in five [defendant's requested instruction XIX(5)] is, you know, redundant both to our instruction seventeen and also to a prior instruction.

"THE COURT: I don't think it's redundant here to your seventeen.

"MR. KILMER: Res ipsa loquitur doesn't even—*it doesn't even give the jury a chance to decide the question*

---

[1] It is questionable whether there is any necessity that this instruction (which is given in a negative form) be given where the standard instruction upon the burden of proof has been given in a positive form.

*of whether or not the probabilities are equal.* The only question that we have to decide is does it ordinarily occur in the absence of negligence, yes or no.

"THE COURT: Wouldn't this be helpful to them in determining that?

"MR. KILMER: It invites them to speculate about whether it could just as easily occur as not occur when that's not part of this and there is no expert medical testimony to support that. Branford said it could occur in the absence of negligence. The other guys say it ordinarily wouldn't occur in the absence of negligence. Kennedy and Bergman have said that. So it's a question of who you believe. There's no evidence around to give them the chance on the res ipsa loquitur aspect of this case to say, well, it's evenly balanced, therefore, I don't have to apply the instruction. I think it's misleading.

"* * * * *." (Emphasis added.)

Although plaintiff's exception wanders excessively over immaterial and irrelevant matters, the emphasized portion specifically points out the defect in the instruction and is, in our opinion, sufficient. It called to the trial court's attention that the instruction was incorrect because by its terms it was made applicable without any necessity of a finding that the causes were equally probable.

Plaintiff also sets out other contentions of erroneous instructions as having been given. Although these instructions can be criticized, we do not believe they sufficiently deviated from the law to justify a reversal of the case.

The judgment for defendant is reversed and the case is remanded for a new trial.