## JORDAN,
### *Respondent,*
*v.*
## CITY OF HILLSBORO,
### *Appellant.*

(No. 37-441, CA 14366)

617 P2d 970

James G. Driscoll, Portland, argued the cause for appellant. With him on the brief were I. Franklin Hunsaker, Ronald E. Bailey and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Bernard B. Brink, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

### WARREN, J.

Plaintiff, a homeowner in the city of Hillsboro, brought an action against defendant City for real and personal property damage caused by an overflow of sewage into the basement of his house. Plaintiff sought recovery on three theories; however, the case was submitted to the jury only on a negligence theory. The jury returned a verdict in favor of plaintiff for $32,418.87. Defendant appeals from the judgment, assigning as error: (1) the failure of the trial court to grant its motions for directed verdict on the issue of liability and on the issue of damages; (2) the court's instruction on the distinction between a servant/employee and an independent contractor; and (3) the court's instruction on the doctrine of *res ipsa loquitur.*

■　　As to the court's failure to grant a directed verdict on the issues of liability and damages, we conclude that there was sufficient evidence on both of these issues to take the case to the jury.

Defendant next assigns as error the court's instruction on the distinction between an employee or servant and an independent contractor. Defendant contends that the proper test is found in *Great American Ins. v. General Ins.,* 257 Or 62, 67, 475 P2d 415 (1970):

> "The test of right to control does not refer to the right to control the results of the work but rather to the right to control *the manner and means of accomplishing the result.* " (Emphasis supplied.)

The challenged instruction is as follows:

> "A servant or employee is a person employed to perform services in the affairs of another and who, *with respect to the physical conduct and performance of the services,* is subject to the other's control or right to control." (Emphasis supplied.)

■　　We conclude that the instruction given by the trial court is equivalent to the test set forth in *Great American Ins. See also, Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 91-2, 592 P2d 1014 (1979).

Finally, defendant argues that the court erred in instructing the jury on the doctrine of *res ipsa loquitur* because the uncontradicted evidence conclusively established that the doctrine did not apply to the facts of this case.

■ Defendant properly argues that the applicability of *res ipsa loquitur* is a matter that must initially be determined by the court. *Kaufman v. Fisher,* 230 Or 626, 371 P2d 948 (1962). Before the doctrine of *res ipsa loquitur* can properly be submitted to a jury as a basis for finding liability, the court must determine: (1) that a jury could find the injury or damage is of the kind that does not occur in the absence of negligence; (2) that the defendant had exclusive control of the instrumentality causing the damage; (3) that plaintiff was not at fault in contributing to the damage; and (4) that it is more probable that the defendant's negligence was the cause, rather than a nonnegligent cause or causes for which defendant was not legally accountable. *Denny v. Warren,* 239 Or 401, 404-05, 398 P2d 123 (1964). The likelihood that it was defendant's negligence that caused the injury must amount to a *strong* probability. 239 Or at 407.

■ The following facts lead us to agree with defendant that the doctrine of *res ipsa loquitur* is inapplicable to this case.

The bathroom fixtures located in the basement of plaintiff's new house were below street level and apparently were the lowest opening into the sewer system in that general area. The evidence was that in the event of any blockage or surcharge of the sewer system, plaintiff's basement bathroom fixtures would be the first to overflow.

On February 27, 1976, the date of the incident in question, after defendant was notified of the problem in plaintiff's basement, an inspection of the system was conducted and it was determined that the system was overtaxed due to muddy water. There was evidence that the overtaxing of the system was caused by rainwater runoff from two new housing developments under construction which were upstream

from plaintiff's home. The inspection revealed that this water was entering the sewer system to which plaintiff's home was connected from damaged, or displaced, sewer pipes in the new housing developments.

There was little direct evidence of defendant's negligence in the construction or maintenance of the sewer system. There was, however, cogent evidence that negligence of third parties was a probable cause of the flooding of plaintiff's basement.

While defendant did have control of the sewer system, it did not have exclusive control of that which entered it. Here, the excess water which surcharged the system may have entered through broken or displaced sewer pipes in the new housing developments. Therefore, it cannot be said that the instrumentality, *i.e.,* the sewer system, was within defendant's exclusive control. It appears that other causes for which defendant was not responsible were equally, or more probably, the cause of plaintiff's damage. There was at least no strong probability that defendant's negligence caused plaintiff's damage. Thus, the trial court, as a matter of law, should not have submitted this case to the jury on a theory of *res ipsa loquitur.* [1]

■ Because it cannot be determined from the record whether the jury found for plaintiff on the specific allegations of negligence or on the inference of negligence which the trial court permitted it to draw on the *res ipsa loquitur* theory, we remand this case for a new trial.

Reversed and remanded for new trial.

---

[1] This case is distinguishable from *Cummins v. City of West Linn,* 21 Or App 643, 536 P2d 455 (1975), in which we held that defendant's motion for involuntary nonsuit was improperly allowed. We there held all the conditions of *res ipsa loquitur* had been met. As to the particular condition that the instrumentality be within the defendant's exclusive control, there is no evidence in *Cummins* of third party negligence or that anyone other than plaintiff and defendant had access to the system. Moreover, we held there that we must deem as true, in considering a motion for involuntary nonsuit, the testimony by the plaintiff's expert which negatived defendant's allegation that plaintiff was at fault in contributing to the damage.

**WARDEN, J.,** dissenting opinion.

The majority relies in its statement of facts on one fact which is immaterial, that is, that plaintiff's home was the lowest opening into the sewer system. The majority seems to imply that this constituted negligence of plaintiff. It does not. In any system, one opening will be the lowest. That fact is of no help on the question of whether the case should have been submitted to the jury on a *res ipsa loquitur* theory.

The majority omits other facts which are of significance to the *res ipsa loquitur* issue. They recite that "overtaxing of the system was caused by rainwater runoff from two new housing developments under construction which were upstream from plaintiff's home." They omit the facts that the defendant had the duty to inspect and the right to control the work of the persons engaged in construction of these developments insofar as the sewer connections were concerned.

The majority, in a footnote, reluctantly mentions our decision in *Cummins v. City of West Linn,* 21 Or App 643, 536 P2d 455 (1975). In *Cummins,* on facts similar to the facts in this case, we reversed the trial court for its failure to submit the case to the jury on the *res ipsa loquitur* theory. Here, the majority reverses the trial court for submitting the case on *res ipsa loquitur.*

The majority does not overrule the decision in *Cummins v. City of West Linn, supra.* Instead it attempts to distinquish *Cummins,* on its facts. I remind the majority that in *Cummins* there was evidence that the plaintiff kept downspouts on the sewer system, in violation of ordinance, and that rainfall on the day of the flooding incident totalled 2.2 inches. In other words, plaintiff in *Cummins* was himself directing substantial quantities of water runoff into his own sewer. In this case the only evidence of negligence is of that of defendant or others subject to defendant's control. I submit that the cases are not distinguishable as the majority suggests.

Giving cases with similar fact situations, such different results lends credence to the suspicion that we decide cases by rules of whim and caprice, perhaps reacting to the particular trial result rather than deciding them by rules of law and logic. To leave both *Cummins* and this opinion stand is of little help to the trial bench or the trial bar. We should either overrule *Cummins v. City of West Linn, supra,* or affirm the trial court in this case.

I respectfully dissent.