Argued January 11, affirmed February 15, 1973

# OREGON AUTOMOBILE INSURANCE COMPANY, Appellant, v. WATKINS, Defendant, FIREMAN'S FUND AMERICAN INSURANCE COMPANIES ET AL, Respondents.

506 P2d 179

*Roger C. Germundson* of Hawkins, Germundson & Scalf, Gresham, argued the cause and filed a brief for appellant.

*David C. Landis* of Gearin, Landis & Aebi, Portland, argued the cause and filed a brief for respondents.

McALLISTER, J.

The plaintiff, Oregon Automobile Insurance Company, brought this declaratory judgment proceeding asking the court to declare that it does not have to pay a judgment against its insured, the defendant Watkins, because the property damaged by Watkins was in his "care, custody or control." The trial court properly found that Oregon Auto was liable under its policy. We affirm.

It appears from the record that Oregon Auto issued a policy of general liability insurance to the defendant Watkins, an electrical contractor. Watkins contracted with KGW-TV to install additional electrical service in its broadcasting building. The installation required the defendant to work on a large panel with electrical cables, wires, bus bars, and various switches located inside the panel. While Watkins was working on the panel he observed a "chute of flames coming up under my arm," a series of three explosions occurred and the panel was severely burned and damaged by fire. Watkins was the only person working on the panel and, in fact, the only person in the room when the explosion and fire occurred.

KGW's fire loss was paid by its insurers St. Paul and Fireman's Fund, who, in turn, as subrogees, sued Watkins for the damage to KGW's building and equipment. The judge who tried the case without a jury found against Watkins solely on the doctrine of res ipsa loquitur and awarded judgment against Watkins for $12,951.63. The judgment against Watkins was appealed to this court on the ground that res ipsa loquitur did not apply to the facts in that case. We affirmed the judgment in *St. Paul Fire and Marine Insurance Co. v. Watkins*, 261 Or 473, 495 P2d 265 (1972).

Oregon Auto refused to pay the judgment against Watkins as affirmed and brought this proceeding. Oregon Auto relies solely on the following exclusion clause of its policy:

"* * * property damage to * * * property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control, * * *."

Oregon Auto argues, in effect, that since we held

Watkins liable to KGW under the doctrine of res ipsa loquitur because the damaged property was under his exclusive control we are bound to hold for the same reason that Oregon Auto is relieved of liability under the care, custody or control exclusion of its policy. We pause to say that at least plaintiff's counsel has advanced an ingenious argument.

■ We have consistently held that a declaratory judgment proceeding to determine the liability of the insurer to its insured under its policy is in the nature of an action at law and governed by the same rules.[1] This proceeding is in reality an action by Watkins to collect the protection due him from Oregon Auto under his policy. The parties appear in inverse order only because Oregon Auto initiated the action.[2]

Viewed as an action at law appellant's brief presents nothing for us to decide. The two assignments of error raise only the following questions:

1. Was Watkins exercising exclusive physical control over the panel?

2. Was KGW-TV in control and did it have the right to control the electrical panel at all times?

3. Was the panel box permanently affixed to the cement walls and foundations of the KGW building?

4. Were all parts of the electrical distribution system which were damaged in the fire parts of the real property?

5. Did the trial court err in finding that *as real property* all component parts of the damaged portion of the electrical distribution system within the

[1] Frontier Ins. v. Hartford Fire Ins., 262 Or 470, 499 P2d 1302 (1972); May v. Chicago Insurance Co., 260 Or 285, 490 P2d 150 (1971).

[2] See Oregon Farm Bureau v. Thompson, 235 Or 162, 202-204, 378 P2d 563, 384 P2d 182 (1963).

building was excluded under the care, custody or control exclusion of the policy?

■ It will be noted that the first four questions are pure questions of fact. As to the third question Oregon Auto stipulated in this case that

"The panel box in which the subject switch panel is located is permanently affixed to the cement walls and foundation of the KGW building."

In view of this stipulation it is professionally irresponsible to attempt to raise this question in this court.

■ The trial court found all factual questions against plaintiff. Since there is evidence to support all the facts found by the trial court we have no right to examine anew the first four questions of fact raised by plaintiff's brief.

■ The fifth question, which includes both a question of fact and a question of law is raised by the second assignment of error which reads as follows:

"The trial Court erred in finding that the panel box was permanently affixed to the cement walls and foundation of the KGW TV building and that all component parts of the distribution system within the building which were damaged in the fire were parts of the real property and as real property would be excluded under the care, custody and control exclusion."

We have already seen that plaintiff stipulated that the electrical panel was, in effect, a part of the building and it is a mere quibble to allege that the other "component parts of the distribution system" were not parts of the real property.

The plaintiff finally contends that the court erred in the finding that the care, custody or control exclusion did not apply to the electrical distribution

system merely because such system was real property. We do not reach this question because the trial court made no such finding. The trial court found only that the damaged property for which Watkins was found liable was not property "in the care, custody or control of Watkins or property as to which Watkins was for any purpose exercising physical control." There is nothing to indicate that such finding was based on the premise that the damaged property was real property.

Plaintiff's brief merely invites us to retry this case de novo, which we decline to do. Plaintiff's whole case is based on the contention that the trial court and this court are somehow bound in this case by language used by the trial court and by this court in *St. Paul Fire and Marine Insurance Co. v. Watkins,* supra. There is no claim that collateral estoppel applies in this case. The sole issue in the first case was whether KGW's property was damaged by the negligence of Watkins. The issue in this case is the interpretation of the technical language of Oregon Auto's policy. In response to this contention it is only necessary to say that the imprecise and at times overbroad language used in deciding whether the doctrine of res ipsa loquitur was available to plaintiff in the first case is entirely inapposite in interpreting the exclusion clause of plaintiff's policy.

The judgment is affirmed.