Argued November 5, 1974, affirmed January 7, 1975

# INTERNATIONAL HEALTH AND LIFE INSURANCE COMPANY, *Respondent, v.* LEWIS, *Appellant.*

530 P2d 517

*James H. Spence,* Roseburg, argued the cause for appellant. With him on the briefs were Farrell & Spence and Verden L. Hockett, Jr., Roseburg.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and James F. Spiekerman, Portland.

Before HOLMAN, Presiding Justice, and HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

This is a proceeding brought under Oregon declaratory judgment statutes (ORS 28.010 et seq.) by plaintiff, International Health and Life Insurance Company, hereinafter referred to as IHA, in which plaintiff seeks to have a life insurance policy which it had issued on the life of Thomas M. Davidson, deceased, declared to be null and void by reason of material misrepresentations made by the decedent in the application concerning his employment and further requesting an adjudication as to which party IHA should repay the premiums, and, in the alternative, a declaration as to which of the defendants should be paid the proceeds of the insurance. Defendant Ethel Davidson is the personal representative of decedent and defendant Robert D. Lewis is the named beneficiary under the policy. Both defendants claim the proceeds and defendant Lewis filed a cross-complaint seeking payment of the policy proceeds. Trial was had before the court and judgment was entered in favor of plaintiff and against

both defendants declaring the insurance policy null and void and that plaintiff have its costs and disbursements. Defendant Lewis appeals.

■ Although there has been no assignment of error directed at the trial court's conclusion of law that "All parties waived any right to a trial by jury in this matter and the court tried this as a legal matter without a jury," plaintiff and defendant in their briefs, as well as at the time of oral argument, have taken opposing views of the trial court's description of the nature of the proceedings. It is necessary for us to make an initial determination as to whether this is a legal or an equitable proceeding so that we may apply the appropriate scope of our appellate review. If it is an equitable proceeding, the factual issues are tried de novo. If it is a legal proceeding, the court is bound by the trial court's factual determinations if there is sufficient evidence to sustain them. *Truck Ins. Exch. v. Olinger Mercury*, 262 Or 8, 10, 495 P2d 1201 (1972). Declaratory judgment proceedings will be treated as either legal or equitable, depending upon the essential nature of the case. *Hartford v. Aetna/Mt. Hood Radio*, 270 Or 226, 527 P2d 406 (1974); *May v. Chicago Insurance Co.*, 260 Or 285, 291-292, 490 P2d 150 (1971); *Mayer v. First National Bk. of Oregon*, 260 Or 119, 133, 489 P2d 385 (1971).

The development of the law on this issue is clearly set forth in *May v. Chicago Insurance Co.*, supra (260 Or at 291-292):

> "The parties' contentions on this question are applicable only to declaratory judgment proceedings which are basically equitable in nature. The broad language in *Consolidated Freightways* on which plaintiffs rely, 180 Or at 458, is no longer controlling in all declaratory judgment proceedings.

It is now clear that such proceedings will be treated as either legal or equitable, depending upon their nature. *Mayer v. First National Bank of Oregon,* 260 Or 119, 133, 489 P2d 385, 392 (September 29, 1971); *Oregon Farm Bureau v. Thompson,* 235 Or 162, 179, 378 P2d 563, 384 P2d 182 (1963). We have treated declaratory judgment proceedings to determine coverage under insurance policies as legal in nature, rather than equitable, with the consequence that the trial court's findings of fact in such cases are binding on us if supported by any substantial evidence. *Falk v. Sul America Terrestres,* 255 Or 246, 248, 465 P2d 714 (1970); *Oregon Farm Bureau v. Thompson,* supra, 235 Or at 199, 200-205 (concurring and dissenting opinions on rehearing, representing the views of five members of the court on this question). See, also, *Reif v. Botz,* 241 Or 489, 406 P2d 907 (1965). We cannot, therefore, accept the parties' invitation to review the evidence in this case de novo. We must accept the trial court's findings of fact if those findings have adequate support in the evidence."

In *Oregon Auto Ins. Co. v. Watkins,* 264 Or 464, 467, 506 P2d 179 (1973), which was a declaratory judgment action brought by plaintiff for a declaration that it was not liable for a judgment against its insured contractor, we said:

"We have consistently held that a declaratory judgment proceeding to determine the liability of the insurer to its insured under its policy is in the nature of an action at law and governed by the same rules. This proceeding is in reality an action by Watkins to collect the protection due him from Oregon Auto under his policy. The parties appear in inverse order only because Oregon Auto initiated the action."

█ We conclude from our examination of the pleadings and the conduct of the parties that this proceeding for a declaratory judgment is in the nature of

an action at law. Plaintiff's complaint sought no extraordinary remedy, such as an injunction, but sought a determination of its duty to pay money. Defendant cross-complained seeking a money judgment and did not seek any injunctive or specific relief. Defendant did include in his prayer for "such other and further relief as the Court shall deem equitable," and plaintiff in its prayer asked for "Such other and further relief as the court may deem just." The prayer is not a part of the cause of suit or action and, therefore, does not determine the claim of equitable jurisdiction. *Flaherty v. Bookhultz*, 207 Or 462, 467, 291 P2d 221, 297 P2d 856 (1956).

We believe, paraphrasing the words of *Oregon Auto Ins. v. Watkins,* supra (264 Or 464), that this case is in reality an action by Lewis to collect the sum due him as the designated beneficiary under the life insurance policy issued by IHA on the life of Thomas M. Davidson, deceased. The parties appear in inverse order only because IHA initiated the action. We do not believe that defendant should be permitted to waive a jury trial, participate in that trial and, when the court enters a judgment as in an action at law, fail to object either to the form or the content of that judgment, and then successfully urge on appeal that it is a proceeding in equity.

■ Defendant's first four assignments of error attack the factfinding of the trial court:

"The trial court erred in finding that, at the time Thomas M. Davidson made application for the life insurance, he was not employed by or associated with the Junction Tavern and Cafe.

"The trial court erred in failing to find that plaintiff was estopped to deny coverage for misrepresentation.

"The trial court erred in finding that the representation of Thomas M. Davidson in the application that he was employed by or associated with the Junction Tavern and Cafe was material to plaintiff's acceptance of the risk or the hazard assumed by plaintiff.

"The court erred in failing to find that a copy of the application was not attached to the policy when mailed to the insured."

The evidence in each of these assignments of error is conflicting. The trial court found against defendant on all of the factual questions presented. We find from our careful examination and review of the transcript that there is sufficient evidence to support the facts found by the trial court and, therefore, we will not examine anew the questions of fact that have been raised by the assignments of error.

■ Defendant's fifth assignment of error is not awarding defendant attorney fees. If defendant had prevailed on his counterclaim he would have been entitled to an award of attorney fees. *Foles v. U.S. Fidelity & Guaranty Co.*, 259 Or 337, 345-347, 486 P2d 537 (1971); *Hardware Mut. Cas. v. Farmers Ins.*, 256 Or 599, 609-612, 474 P2d 316 (1970). Since defendant Lewis was not the prevailing party and did not recover under the policy, the trial court properly refused to award him attorney fees.

The judgment of the trial court is affirmed.