Argued and submitted November 3, 1982, cross petition dismissed
January 18, 1983

In the Matter of the Compensation of
Sidney A. Stone, Claimant.

STONE,
*Petitioner on Review,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent - Cross-Petitioner on Review.*

(No. 79-8778, CA A21258, SC 28823 & 28817)

656 P2d 940

Robert K. Udziela, Portland, argued the cause for petitioner on review. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel for State Accident Insurance Fund, Salem, argued the cause and filed the brief for respondent on review.

## PER CURIAM

## PER CURIAM

We granted review of SAIF's cross-petition in this workers' compensation case to determine whether claimant is entitled to temporary total disability compensation under ORS Chapter 656, particularly 656.210.[1] After we granted review claimant filed a response arguing that SAIF's cross-petition for review should be dismissed because SAIF conceded claimant's entitlement to interim compensation at the time of the hearing. SAIF argues that when the Board denied interim compensation and claimant appealed it to the Court of Appeals it became a viable issue in spite of whether there was in fact a concession at the hearing level.

The portion of the transcript of the proceedings at the hearing level that is pertinent is as follows:

"THE REFEREE: Mr. Bostwick? [counsel for SAIF]

"MR. BOSTWICK: Yes. Counsel is partially correct in that *the Fund will concede the interim compensation.* However, I have to take some exception with the dates that counsel stated. 656.807 requires that while the time limits are set out for filing a claim, the process for — the procedure for processing the occupational disease claim shall be the same as for accidental injury. That would be 656.265. And that requires that notice be submitted to the employer —

"THE REFEREE: You mean 262, sub. 5?

"MR. BOSTWICK: 656.265(3) is the —

"THE REFEREE: Oh.

"MR. BOSTWICK: — is what I'm referring to, which says that notice shall be given to the employer or, if not, to the Fund. However, the starting of compensation covered in 656.262(4) states, 'The first instalment [sic] of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim.' We will present evidence that the subject employer did not have notice or knowledge of this claim on the date that the Form 827 is signed, which is March 22, 1979; but, in fact, had knowledge of this claim in August — approximately August — well, it would be late July or August. I'll pin that

---

[1] We did not accept review of the issues raised by claimant in his petition.

down with testimony. *So, any interim compensation that Referee finds between those dates and the denial date, we'll certainly concede,* but not back to the date of the actual document which the doctor filled out." (Emphasis supplied.)

■ ■　We do not agree with SAIF that the action by the Board reinstated the question of interim compensation. SAIF conceded claimant's entitlement to interim compensation. The hearing was conducted on the premise that no dispute existed regarding entitlement. The only temporary compensation issue involved the period of entitlement. SAIF raised no challenge to the compensation award on appeal to the Board. While the Board's powers of review are *de novo,* that fact does not, of course, authorize it to rewrite the facts already agreed to by the parties. Likewise SAIF may not now attempt to challenge the fact that claimant is entitled to some temporary compensation. *See Oregon Automobile Ins. Co. v. Watkins,* 264 Or 464, 506 P2d 179 (1973). The concession was really an admission that claimant was entitled to interim compensation. *Cf. Johnson v. Paulson,* 83 Or 238, 154 P 685, 163 P 435 (1917). For these reasons the petition was improvidently granted. *Robinson v. Omark Industries, Inc.,* 291 Or 5, 627 P2d 1263 (1981).

　　Cross-petition dismissed as improvidently granted.