Argued and submitted June 10, 1982, affirmed on compensability,
remanded with instructions February 16, reconsideration denied March 18,
petition for review denied April 19, 1983 (294 Or 749)

In the Matter of the Compensation of
Garland J. Arnaud, Claimant.
ARNAUD,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*
(79-10623; CA A23308)
658 P2d 551

Alan M. Scott, Portland, argued the cause for petitioner.
With him on the brief were Gary M. Galton, Catherine
Riffe, and Galton, Popick & Scott, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case claimant appeals the order of the Workers' Compensation Board reversing the referee's determination that claimant's heart-related disability was compensable. Claimant also contends that he is entitled to attorney fees for prevailing on the issue of penalties for unreasonable delay in processing the claim, independent from the fee awarded for having prevailed on a denied claim.

■  We have reviewed the extensive medical testimony and expert opinions and conclude, as did the Board, that SAIF correctly denied compensability.

■  The referee found that SAIF had unreasonably delayed processing the claim and awarded claimant 25 percent of the temporary total disability payments as a penalty. The referee concluded that the claim was compensable. She awarded claimant $3,000 attorney fees but did not designate separate fee awards for prevailing on the denied claim and for prevailing on the penalty issue. SAIF did not raise the penalty award issue before the Board.

The Board's order appears to reverse the order of the referee. We cannot discern whether it intended to reverse the determination of penalties or only the finding of compensability, but because the issue of penalties was not appealed or raised by SAIF, the Board could not rule on that issue. *See Stone v. SAIF,* 294 Or 442, 656 P2d 940 (1983). Claimant is entitled to attorney fees for prevailing on the issue of penalties before the referee. Because that issue was not litigated before the Board, attorney fees are not justified on Board review.

Affirmed on compensability and remanded for a determination of the attorney fees on the separate issue of penalties for unreasonable delay.