Argued and submitted September 20, 1985, affirmed May 14, 1986

In the Matter of the Compensation of
Patricia M. Knupp, Claimant.

KNUPP,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(WCB 82-05092; CA A34440)

719 P2d 42

Stanley Fields, Salem, argued the cause for petitioner. With him on the briefs were Sharon Stevens and Michael B. Dye, Salem.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

### WARDEN, J.

Claimant petitions for judicial review of a Workers' Compensation Board order denying her claim for aggravation of a compensable 1974 injury. We affirm.

Claimant was working as a flagger on a highway construction project in 1974 when she was struck by a car. SAIF accepted the claim for injuries to her knees and low back. The injury left her with an abnormal gait. In late December, 1981, her right knee buckled, and she fell, injuring her right shoulder and neck. On February 1, 1982, Dr. Warner, a chiropractor who saw claimant in late January, sent a letter to SAIF diagnosing her condition as chronic lumbo-sacral strain. SAIF accepted the aggravation claim and paid temporary total disability benefits and medical bills. On April 26, 1982, a thoracic outlet syndrome was diagnosed by Dr. Becker, and on May 5, 1982, Dr. Gaiser submitted to SAIF a diagnosis of "cervico thoracic sprain" and "thoracic outlet syndrome." Gaiser noted "undetermined" as to whether the injury was work related. On May 14, claimant had surgery for thoracic outlet syndrome. On June 4, 1982, SAIF issued a partial denial of responsibility for the thoracic outlet syndrome. Claimant sought review.

Although claimant was represented by counsel until a few weeks before the hearing, she represented herself at the May, 1983, hearing. The referee found that the claim was not compensable. Claimant then sought review by the Board, which remanded the case to the referee for determination of whether SAIF's acceptance of the aggravation claim included acceptance of the claim for the thoracic outlet syndrome. If it did, SAIF would have been precluded by *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), from later issuing a denial.

The scope of the remand was limited to the *Bauman* issue. At the remand hearing, claimant was represented by counsel. SAIF submitted medical exhibits on the issue of whether it had accepted the claim. Claimant had had the exhibits at the time of her first hearing, but she had not submitted them. The referee admitted the exhibits for the limited purpose of the remand. The referee found that, after SAIF received a medical report from Gaiser, SAIF had tried to contact him on three occasions. On May 13, someone from Gaiser's office had called and left the message, "Dr. feels

condition is related." On May 14, SAIF told the hospital that it would not authorize the operation. On June 1, SAIF received an opinion from its neurological consultant that the condition was not work related. The denial followed. The referee found no wrongful denial under *Bauman,* and claimant did not seek review.

Instead, claimant moved the Board for a further remand for the receipt of the medical exhibits on the issue of causation of the thoracic outlet syndrome. The Board declined. On review, claimant refers to those exhibits to support her arguments that the condition was related to her compensable 1974 injury. In its brief, SAIF moved to strike the references to and arguments based on the exhibits. Claimant replied that the exhibits have become part of the record which the court must consider under ORS 656.298(6), which provides:

> "The review by the Court of Appeals shall be on the entire record forwarded by the board. The court may remand the case to the referee for further evidence taking, correction or other necessary action. However, the court may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The court may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the court determines to be appropriate."

Claimant argues that "the statute does not restrict the court's consideration of exhibits that were accepted for limited purposes at hearing." She is not correct. The scope of review of an order was considered by this court in *Mansfield v. Caplener Bros.,* 3 Or App 448, 474 P2d 785 (1970). At that time review of an order was in the circuit court under *former* ORS 656.298(6).[1] We held:

> "If the system contemplated by [ORS 656.298(6)]—*de novo* review on the record—is to have any meaning, it is

---

[1] *Former* ORS 656.298(6) provided:

"The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

essential that there be a specific time as of which issues are to be determined. The Workmen's Compensation Law contemplates that it be the time of hearing. ORS 656.295(3) and (5)." 3 Or App at 452.

In 1977, the legislature changed review from the circuit court to the Court of Appeals but did not alter the scope of review. Our *de novo* review of a Board order is limited to the record before the Board, except for "evidence concerning disability that was not obtainable at the time of the hearing." Here the issue is whether the condition is related to the compensable injury. The exhibits had been generated before the hearing and were in claimant's possession. They were not only obtainable, they had been obtained, but they were not made a part of the record. The Board found that the case had not been improperly developed, ORS 656.295(5), and refused to consider the exhibits. Therefore, the scope of our review on the issue of causation does not include the exhibits that were admitted on remand on the *Bauman* issue.[2]

In order to prove her aggravation claim, claimant must prove both that the 1974 injury caused the 1981 fall, and that the fall was a material contributing cause of her thoracic outlet condition.[3] On *de novo* review we agree with the referee and the Board that claimant failed to prove that the thoracic outlet syndrome was caused by the fall.

Affirmed.

---

[2] This case does not have any bearing on our consideration of evidence improperly excluded by the referee or Board.

[3] Relying on *Stone v. SAIF,* 294 Or 442, 656 P2d 940 (1983), claimant has argued that the only issue is whether her fall resulted from the 1974 injury, because SAIF conceded that the thoracic outlet syndrome was caused by the fall and that, because of the concession, the referee decided an issue which was improperly before him. We disagree. Although the attorney for SAIF inartfully stated the issues, he did not concede an issue, as was done in *Stone.* Furthermore, the parties here, again unlike in *Stone,* conducted the hearing as though both the cause of the fall and the cause of the condition were in dispute.