Argued and submitted May 24, reversed and remanded with instructions July 24, petition for review denied November 26, 1996 (324 Or 394)

# FEDERATION OF PAROLE AND PROBATION OFFICERS,

an unincorporated association,
*Appellant,*

*v.*

# WASHINGTON COUNTY,
*Respondent.*

(C940419CV; CA A89001)

920 P2d 1141

Daryl S. Garrettson argued the cause for appellant. With him on the briefs was Hoag, Garrettson, Goldberg & Fenrich.

John M. Junkin argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff, Federation of Parole and Probation Officers (FOPPO), appeals from a judgment dismissing its complaint for a declaratory judgment under ORS 28.010 *et seq* against Washington County (county) on the ground that county was violating ORS 181.653(1) and an injunction enjoining county from further violations. We reverse.

FOPPO is a labor organization representing the certified parole and probation officers employed by county. County employs approximately 21 certified parole and probation officers as part of its community corrections program, together with four "case monitors" who are not certified as parole or probation officers. FOPPO's complaint alleges in part:

"That defendant Washington County is currently employing four (4) individuals as case monitors, as part of [its] community corrections program, which individuals perform parole and probation duties as defined by ORS 181.610[(13)][1] and who have been employed or will be employed by the County for a period of more than one (1) year, without having been certified under the provisions of ORS 181.610 to ORS 181.690.

"Plaintiff has demanded that defendant, Washington County cease employing individuals performing the duties of parole and probation officers unless those individuals have been or are in the process of being certified as required by law."

ORS 181.653(1) requires that any person performing the duties of a parole or probation officer be certified. ORS 181.610(13) defines the duties of a parole or probation officer:

" 'Parole and probation officer' means any officer employed full time by the Department of Corrections, a county or a court who is charged with and actually performs the duty of community protection by controlling, supervising and providing reformative services for adult parolees

---

[1] ORS 181.610(13) was formerly numbered as ORS 181.610(9). The statute was renumbered as ORS 181.610(13) in 1995 by legislative counsel. At that time, there were no substantive changes made, and we will refer to the statute as ORS 181.610(13).

and probationers, or who performs the duty of investigation of adult offenders on parole or probation or being considered for parole or probation."

At trial, the parties introduced evidence regarding the responsibilities of the case monitors in county's employ, including 14 pages of stipulated facts that described their duties in detail. The first area of responsibility relates to the management of offenders convicted of Driving Under the Influence of Intoxicants (DUII) and who have been placed on probation. A case monitor provides the initial orientation to the probationer and describes what is expected of the offender as outlined in the special and general conditions of supervision set forth in the judgment of conviction. After the initial "intake" orientation, the case monitor refers the offender for a "DUII evaluation" and monitors attendance at the evaluation. The case monitor also oversees the offender's entry into and attendance at any treatment program imposed as a result of the evaluation. If an offender does not attend the evaluation or the subsequent treatment programs, the case monitor attempts to determine the cause of the failure and to encourage the offender's performance of the required obligations. If the noncompliant offender does not comply, the case monitor reports him or her to a probation officer.

Case monitors also assist offenders in establishing a payment schedule and in budgeting for the payment of treatment evaluation and supervision fees, and they monitor the payment of the offender's financial obligations in that regard. If the payment schedule is not met, the case monitor contacts the offender and determines the reason for the failure. At that point, the monitor either modifies the payment schedule or reports the noncompliance to a probation officer. A monitor also provides crisis assistance to offenders and refers them to appropriate resources. In addition, the monitors receive and respond to public inquiries regarding offenders' performances and maintain records of case-related activities and interactions with offenders.[2]

---

[2] The stipulated facts also describe a case monitor's responsibilities as they relate to certain minorities:

"For Level 1 and Level 2 offenders, the Case Monitor assigned to Spanish speaking only cases performs [the same duties as a] DUII Case Monitor. In

The second area of duties performed by a case monitor involves community service. As part of this function, the monitor meets with convicted offenders to schedule the performance of community service requirements imposed by the court and to assess the performance of those requirements. The monitors establish written agreements with offenders regarding the court's expectations and instructions related to their specific work assignments. In addition, monitors inform offenders of fee obligations and arrange the payment of those fees. A monitor is also responsible for placing an offender with an agency for the completion of community service work hours. After placement, the monitor oversees the offender's compliance with the requirements and, if an agency is dissatisfied with the performance of an offender, works with the agency to address its concerns. Finally, the monitor reviews the offender's progress toward completion of the work hours and maintains records regarding an offender's involvement in a community service program.

The third area of duties performed by case monitors involves the "intake" of offenders other than DUII offenders. The intake of offenders in this area is performed jointly by a certified probation officer and a case monitor. The monitors generally perform a group orientation for offenders, informing them of the general conditions of supervision, and they complete the paperwork necessary for intake. They also meet with offenders whose supervision is being transferred to other states or counties. In addition, monitors collect police reports and legal documents to be used in pre-sentence investigation reports and respond to public inquiries when appropriate. Finally, monitors routinely sign travel permits granting the offender permission to leave a restricted geographical area.

After a two-day trial to the bench, the trial court ruled in favor of county. The trial court explained:

"The question that the court must answer in reaching its determination is whether or not the focal duties of the various case monitor positions are within the definition of

addition, this Case Monitor also performs other duties and functions relating to this case load including the taking of urine analysis and, upon review by a probation officer and supervisor, presenting a written report to the court."

the parole and probation officer as under ORS [181.610(13)]. If the focal positions are, then the certification is required under ORS 181.653.

"[FOPPO] has referred to a number of things in its closing argument, and there is other evidence beyond those mentioned * * * for example, in some cases the documents were signed by the case monitors as probation officers, case monitors set completion dates for community service, and there was some evidence that they referred violations directly to the Court without action by the probation officer.

"There's no question that there is some control, there is no question that there is some supervision of the clients, but for the most part, * * * case monitors are performing acts that could legitimately be performed under the law by aides to the probation officers.

"*[I]'m finding as a finding of fact* that the focal duties of the—I'm quoting from their proposed opinion—the factual duties of the various case monitor's positions are not within the definition of a parole or probation officer as defined under ORS [181.610(13)].

"* * * * *

"And even granting, for the sake of argument, that some of these activities that have been referred to would fall within the definition of a parole or probation officer, *I don't find that the level of those activities is high enough to require or justify the imposition of equitable relief.*" (Emphasis supplied.)

Initially, the parties disagree about the applicable standard of review. FOPPO argues that because the issues in this case involve questions of law, our review is therefore "*de novo.*" County contends that the trial court's "finding of fact" is binding on us because it is supported by substantial evidence. At the outset, we note that we do not review questions of law "*de novo.*" *See Trabosh v. Washington County*, 140 Or App 159, 163 n 6, 915 P2d 1011 (1996) (holding that the term "*de novo*" refers solely to our authority to make our own determination of facts anew on the record before us). In *International Health & Life v. Lewis*, 271 Or 35, 37-38, 530 P2d 517 (1975), the court explained how we determine the proper standard of review in a declaratory judgment proceeding:

"It is necessary for us to make an initial determination as to whether this is a legal or an equitable proceeding so that we may apply the appropriate scope of our appellate review. If it is an equitable proceeding, the factual issues are tried *de novo*. If it is a legal proceeding, the court is bound by the trial court's factual determinations if there is sufficient evidence to sustain them. * * * Declaratory judgment proceedings will be treated as either legal or equitable, depending upon the essential nature of the case."

In this case, FOPPO seeks to enjoin county from future alleged violations of ORS 181.653(1)(a). We conclude that, as a result, the essence of plaintiff's action sounds in equity, and *de novo* review of the facts is appropriate. *See Webber v. Clackamas County*, 42 Or App 151, 153, 600 P2d 448, *rev den* 288 Or 81 (1979) (noting that "[b]ecause the declaration which plaintiffs sought is analogous to an injunction * * * [the] declaratory judgment proceeding is equitable in nature, and we review *de novo*").

On the merits, FOPPO argues that county is using case monitors to perform the statutory duties that the legislature has required be performed by certified parole or probation officers. County counters that ORS 181.610(13) defines the duties of parole and probation officers only for purposes of certification and that the focal duties of a parole and probation officer are defined in ORS 137.520 *et seq.*[3] It

---

[3] ORS 137.630, for instance, sets forth various duties of probation officers. It provides in part:

"The duties of probation officers appointed pursuant to ORS 137.590 or 423.500 to 423.560 shall be:

"(a) To make such investigations and report under ORS 137.530 as are required by the judge of any court having jurisdiction within the county, city or judicial district for which the officer is appointed to serve.

"(b) To receive under supervision any person sentenced to probation by any court in the jurisdiction area for which such officers are appointed to serve.

"(c) To provide release assistance, and supervise any person placed in a diversion, work release or community services alternative program, by any court in the jurisdiction area for which such officers are appointed to serve.

"(d) To give each person under their supervision a statement of the conditions of probation or program participation and to instruct the person regarding the conditions; to keep informed concerning the conduct and condition of such persons by visiting, requiring reports and otherwise; to use all suitable methods, not inconsistent with the condition of probation or program participation, to aid and encourage such persons and to effect improvement in their conduct and condition.

follows, according to county, that because case monitors are not performing the specific duties enumerated in ORS chapter 137, they are not required to be certified. In sum, county maintains that the role of a case monitor is not unlike that of an assistant to a certified officer and does not implicate ORS 181.653(1).

■■   In interpreting a statute, our goal is to discern the intent of the legislature, beginning with an examination of the text of the statutes in their context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS 181.610(13) defines a parole or probation officer as a person who is "charged with and *actually performs* the duty of community protection by controlling, supervising and providing reformative services * * * or who performs the duty of investigation * * *." (Emphasis supplied.) ORS 181.653(1)(a) provides that "[n]o person may be employed as a parole and probation officer * * * unless * * * the person has been certified." In construing those statutes, we are to presume that the legislature did not intend to enact a meaningless statute. *Thompson v. IDS Life Ins. Co.*, 274 Or 649, 656, 549 P2d 510 (1976).

■   Preliminarily, it is not clear to us that the duties specified in ORS chapter 137 differ from those enumerated in ORS 181.610(13). Nonetheless, if county's assertion is correct, then the emphasized language of ORS 181.610(13), which defines a probation or parole officer as an individual authorized to perform functions of control, supervision, reformation and investigative services, is essentially eviscerated. Under county's interpretation, the duties set forth in ORS 181.610(13) can be performed by noncertified personnel so long as those people do not perform the specific duties identified in ORS chapter 137. That interpretation is contrary to the language of ORS 181.610(13), which expressly governs those "who actually perform" the general duties of supervising and providing reformative services. The more

"(e)  To keep detailed records of the work done and to make such reports to the courts and to the Department of Corrections as such court's require.

"(f)  To perform such other duties not inconsistent with the normal and customary functions of probation officers as may be required by any court in the jurisdiction area for which such officers are appointed to serve."

reasonable interpretation is that when ORS 181.610(13) and ORS 181.653(1) are read with ORS chapter 137, the latter amplifies the general duties enumerated in the former statutes. Accordingly, we reject county's interpretation restricting the certification requirements in ORS 181.610(13) only to those who perform the specific duties set forth in ORS chapter 137.

■     The question remains whether the statutory scheme, as the trial court held, contemplates the use of non-certified individuals as assistants to parole and probation officers and, if so, whether the duties performed by county's case monitors require them to be certified. The statutes contemplate supervision of probationers and parolees on an individual case basis by certified officers. Even if the statutory scheme permits the use of assistants to aid in the individual supervision of offenders, the record in this case demonstrates that, in many instances, the case monitor is the primary, if not the only, individual with whom the offender will have contact while involved in county's community corrections program. County's monitors provide initial orientation, encourage and monitor compliance, investigate reasons for noncompliance, provide crisis assistance, refer offenders to appropriate resources and issue travel permits, all without the involvement of a certified officer. All of these functions involve reformative services, control, supervision and investigation of offenders within the meaning of the statute. Accordingly, we disagree with the trial court that the case monitors on this record are merely assisting certified officers in the performance of their duties. Rather, the more persuasive evidence demonstrates that the case monitors are performing those functions in lieu of certified officers. Therefore, we conclude that the prescribed duties of county's case monitors fall within the prohibition of ORS 181.653(1)(a).

Reversed and remanded for entry of judgment granting declaratory and injunctive relief in accordance with plaintiff's complaint.